## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

LIFESTYLE LIFT HOLDING, INC., et. al.[1]

                Debtors.

Bankruptcy Case No. 15-44839
Hon. Maria L. Oxholm
Chapter 7

---

BASIL T. SIMON, Trustee

                Plaintiff,

v.

LUCAS GROUP, INC., JAY LUCAS, and XL7 GROUP, LLC

                Defendants.

Adversary Proceeding No. 17-04254
Hon. Maria L. Oxholm

## ANSWER TO COMPLAINT

NOW COME Lucas Group, Inc., Jay Lucas, and XL7 Group, LLC (collectively, the "Defendants"), by and through their counsel, Stevenson & Bullock, P.L.C., who answer the Complaint [Docket No. 1] as follows:

### PARTIES

1.    In answer and response to Paragraph 1 of the Complaint, the Defendants admit the allegations contained therein as true.

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc.

2.     In answer and response to Paragraph 2 of the Complaint, the Defendants admit that Lucas Group, Inc. is a New York domiciled corporation and maintains offices in New York City and employs Jay Lucas.  Defendants further admit that Lucas Group, LLC had offices in Boston, Massachusetts.  Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

3.     In answer and response to Paragraph 3 of the Complaint, the Defendants deny the allegations contained therein in the manner and form alleged.

4.     In answer and response to Paragraph 4 of the Complaint, the Defendants admit that XL7 Group, LLC is a Delaware limited liability company that maintained offices in Southport, Connecticut.  Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

5.     In answer and response to Paragraph 5 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

6. The Defendants incorporate their answers to paragraphs 1 through 5 as if fully restated.

7. In answer and response to Paragraph 7 of the Complaint, the Defendants admit the allegations contained therein as true.

8. In answer and response to Paragraph 8 of the Complaint, Defendants Lucas Group, Inc. and XL7 Group, LLC admit the allegations contained therein as true. In further answer and response to Paragraph 8 of the Complaint, Defendant Jay Lucas denies the allegations contained therein.

9. In answer and response to Paragraph 9 of the Complaint, the Defendants admit the allegations contained therein as true.

10. In answer and response to Paragraph 10 of the Complaint, the Defendants admit the allegations contained therein as true.

11. In answer and response to Paragraph 11 of the Complaint, the Defendants admit the allegations contained therein as true.

## COUNT I: STATEMENT OF CLAIM (TRANSFERS)

12. The Defendants incorporate their answers to paragraphs 1 through 11 as if fully restated.

13. In answer and response to Paragraph 13 of the Complaint, the Defendants admit the allegations contained therein as true.

14.     In answer and response to Paragraph 14 of the Complaint, the Defendants deny the allegations contained therein in the manner and form alleged.

15.     In answer and response to Paragraph 15 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

16.     In answer and response to Paragraph 16 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

17.     In answer and response to Paragraph 17 of the Complaint, the Defendants deny the allegations contained therein as untrue.

18.     In answer and response to Paragraph 18 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

## COUNT II: FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 548(a)(1)(B), 550, and 551

19.     The Defendants incorporate their answers to paragraphs 1 through 18 as if fully restated.

20. The allegations of Paragraph 20 do not assert facts to which a response is required. To the extent a response is required, the allegations are denied. By way of further answer, the allegations state a conclusion of law.

21. In answer and response to Paragraph 21 of the Complaint, the Defendants deny the allegations contained therein in the manner and form alleged.

22. In answer and response to Paragraph 22 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

23. In answer and response to Paragraph 23 of the Complaint, the Defendants deny the allegations contained therein in the manner and form alleged.

24. In answer and response to Paragraph 24 of the Complaint, the Defendants deny the allegations contained therein as untrue.

25. In answer and response to Paragraph 25 of the Complaint, the Defendants deny the allegations contained therein as untrue.

26. In answer and response to Paragraph 26 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

27.     In answer and response to Paragraph 27 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

28.     In answer and response to Paragraph 28 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

29.     In answer and response to Paragraph 29 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

## COUNT III: AVOIDANCE OF FRAUDULENT TRANSFERS UNDER MICHIGAN'S UNIFORM FRAUDULENT TRANSFER ACT
MCL §§ 566.31, et. seq/. and 11 U.S.C. §§ 544(b) and 550

30.     The Defendants incorporate their answers to paragraphs 1 through 29 as if fully restated.

31.     The allegations of Paragraph 31 do not assert facts to which a response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the allegations state a conclusion of law.

32.     The allegations of Paragraph 32 do not assert facts to which a response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the allegations state a conclusion of law.

33.     The allegations of Paragraph 33 do not assert facts to which a response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the allegations state a conclusion of law.

34.     In answer and response to Paragraph 34 of the Complaint, the Defendants deny the allegations contained therein in the manner and form alleged.

35.     In answer and response to Paragraph 35 of the Complaint, the Defendants deny the allegations contained therein as untrue.

36.     In answer and response to Paragraph 36 of the Complaint, the Defendants deny the allegations contained therein as untrue.

37.     In answer and response to Paragraph 37 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

38.     In answer and response to Paragraph 38 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

39.     In answer and response to Paragraph 39 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

40.     In answer and response to Paragraph 40 of the Complaint, the Defendants deny the allegations contained therein in the manner and form alleged.

41.     In answer and response to Paragraph 41 of the Complaint, the Defendants deny the allegations contained therein as untrue.

42.     In answer and response to Paragraph 42 of the Complaint, the Defendants deny the allegations contained therein as untrue.

43.     In answer and response to Paragraph 43 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

## COUNT IV: BREACH OF CONTRACT

44.     The Defendants incorporate their answers to paragraphs 1 through 43 as if fully restated.

45.     In answer and response to Paragraph 45 of the Complaint, the Defendants neither admit nor deny the remaining allegations contained therein for

lack of sufficient information upon which to form a belief and leaves Plaintiff to his proofs; therefore, such allegations are deemed denied.

46.     In answer and response to Paragraph 46 of the Complaint, the Defendants deny the allegations contained therein as untrue.

47.     In answer and response to Paragraph 47 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

## COUNT V: UNJUST ENRICHMENT

48.     The Defendants incorporate their answers to paragraphs 1 through 47 as if fully restated.

49.     In answer and response to Paragraph 49 of the Complaint, the Defendants deny the allegations contained therein as untrue.

50.     In answer and response to Paragraph 50 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

## COUNT VI: FRAUD/MISREPRESENTATION

51.     The Defendants incorporate their answers to paragraphs 1 through 50 as if fully restated.

52.     In answer and response to Paragraph 52 of the Complaint, the Defendants deny the allegations contained therein as untrue.

53.     In answer and response to Paragraph 53 of the Complaint, the Defendants deny the allegations contained therein as untrue.

54.     In answer and response to Paragraph 54 of the Complaint, the Defendants deny the allegations contained therein as untrue.

55.     In answer and response to Paragraph 55 of the Complaint, the Defendants deny the allegations contained therein as untrue.

56.     In answer and response to Paragraph 56 of the Complaint, the Defendants deny the allegations contained therein as untrue.

57.     In answer and response to Paragraph 57 of the Complaint, the Defendants deny the allegations contained therein as untrue.

58.     In answer and response to Paragraph 58 of the Complaint, the Defendants deny the allegations contained therein as untrue.

59.     In answer and response to Paragraph 59 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

## COUNT VII: BREACH OF FIDUCIARY DUTY / BREACH OF STATUTORY DUTIES TO ACT IN GOOD FAITH AND IN THE BEST INTERESTS OF THE COMPANY

60.     The Defendants incorporate their answers to paragraphs 1 through 59 as if fully restated.

61.     In answer and response to Paragraph 61 of the Complaint, the Defendants deny the allegations contained therein as untrue.

62.     In answer and response to Paragraph 62 of the Complaint, the Defendants deny the allegations contained therein as untrue.

63.     In answer and response to Paragraph 63 of the Complaint, the Defendants deny the allegations contained therein as untrue.

64.     In answer and response to Paragraph 64 of the Complaint, the Defendants deny the allegations contained therein as untrue.

65.     In answer and response to Paragraph 65 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief that the Court deems appropriate under the circumstances.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Defendants
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: June 6, 2017

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

LIFESTYLE LIFT HOLDING, INC.,
et. al.[1]

               Debtors.

Bankruptcy Case No. 15-44839
Hon. Maria L. Oxholm
Chapter 7

---

BASIL T. SIMON, Trustee

               Plaintiff,

v.

LUCAS GROUP, INC., JAY LUCAS,
and XL7 GROUP, LLC

               Defendants.

Adversary Proceeding No. 17-04254
Hon. Maria L. Oxholm

## AFFIRMATIVE DEFENSES

NOW COME Lucas Group, Inc., Jay Lucas, and XL7 Group, LLC (collectively, the "Defendants"), by and through their counsel, Stevenson & Bullock, P.L.C., and hereby asserts and reserves the following affirmative defenses upon which they may rely at the time of trial, or prior thereto by way of appropriate motion, if supported by facts to be determined through discovery,

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc.

investigation, or otherwise. The Defendants do not assume any burden of proof that would otherwise rest upon the Plaintiff or any other party.

The Defendants lacks sufficient knowledge or information to form a belief as to the truth of some of the allegations contained in the Complaint. Until the Defendants avails themselves to their right to discovery in this proceeding, they cannot determine whether the following Affirmative Defenses will be asserted at trial or earlier by way of appropriate motion. These defenses, however, are included in their Answer to the Complaint in order to preserve the intention of the Defendants to assert these defenses and to avoid waiver of these or any other available defenses.

1. The Plaintiff has failed to state a claim upon which relief may be granted.

2. For all counts of the Complaint, the Plaintiff fails to plead with sufficient specificity pursuant to Rules 7008, 7009 and 7010 of the Federal Rules of Bankruptcy Procedure.

3. The Plaintiff's claims are barred by the applicable statutes of limitations.

4. The Complaint and each and every claim therein are barred to the extent that any recovery by the Plaintiff would be used to pay administrative expenses and would otherwise not be for the benefit of the bankruptcy estate.

5.     The Complaint is barred by the doctrines of waiver, estoppel, release, or acquiescence.

6.     All or some of the claims and causes of action set forth by the Plaintiff are barred due to the equitable doctrines of unclean hands, estoppel, and/or laches.

7.     The Defendants are not liable to the Plaintiff due to the actions of third parties.

8.     The Plaintiff suffered no unjust loss or damage as a result of the Defendants.

9.     The Court lacks jurisdiction over the defendant Jay Lucas.

10.    The Complaint must be dismissed in part because the Trustee has failed to state facts sufficient to establish the Defendants as insiders of the Debtor.

11.    The Transfers at issue in the Complaint are shielded from avoidance by the ordinary course of business defense contained in 11 U.S.C. § 547(c)(2).

12.    The Transfers at issue in the Complaint are shielded from avoidance by the subsequent new value defense contained in 11 U.S.C. § 547(c)(4).

13.    The Complaint must be dismissed as the transfers which are the subject of the Complaint may not be avoided pursuant to 11 U.S.C. § 547(c).

14.    The Defendants provided a reasonably equivalent value for the transfers at issue.

15.     The Defendants took for value, in good faith, and without knowledge of the voidability of the transfers.

16.     The Complaint must be dismissed as the Trustee failed to establish the elements required under 11 U.S.C. § 548.

17.     The Complaint must be dismissed as the transfers which are the subject of the Complaint may not be avoided pursuant to 11 U.S.C. § 548(c).

18.     The Trustee's claim must be dismissed as the transfers which are the subject of the Complaint may not be recovered by the Trustee pursuant to 11 U.S.C. § 550.

19.     The Trustee's claims are barred because the Debtors were solvent at the time the alleged transfers were made.

20.     The claims in the Complaint are barred, in whole or in part, by the doctrine of unjust enrichment or similar equitable remedies.

21.     The conduct alleged by the Trustee does not fall under the provisions of MCL § 566.31, et. seq., and it is otherwise inapplicable.  Without limiting the foregoing and while denying Trustee has stated a valid claim, Defendants plead all defenses available under MCL § 566.31, et. seq.

22.     Plaintiff cannot satisfy the elements of 11 U.S.C. §547(b).

23.     The Defendants did not receive a transfer of an interest of the Debtors in property.

24.     The transfers were not to or for the benefit of a creditor.

25.     The transfers were not on account of antecedent debt owed by the Debtors before such transfers were made.

26.     The transfers were not made while the Debtor was insolvent.

27.     The transfers were not made on or within 90 days before the filing of the petition.

28.     The Defendants did not receive more than they would have received if the case were a case under Chapter 7 of Title 11, United States Code.

29.     The Defendants did not receive more than they would have received if the transfers had not been made.

30.     The Defendants did not receive more than they would have received if it received payment of such debt to the extent provided by the provisions of Title 11, United States Code.

31.     The transfers were intended by the Debtor and the Defendants to be a contemporaneous exchange for new value given to the Debtor and were in fact substantially contemporaneous exchange.

32.     The transfers were made in the ordinary course of business or financial affairs of the Debtors and the Defendants.

33.     The transfers were made according to ordinary business terms.

34. After the transfers, the Defendants gave new value to or for the benefit of the debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make otherwise unavoidable transfers to or for the benefit of the Defendants.

35. The Defendants are a bona fide purchaser for good value.

36. Plaintiff's claims are barred by the doctrine of earmarking.

37. Some or all of the Defendants were not in privity of contract with the Debtors.

38. The Plaintiff and/or the Debtors failed to mitigate their damages, if any.

39. The Plaintiff and/or the Debtors suffered no damages.

40. All or some of the claims and causes of action set forth by the Plaintiff are barred due to the doctrines of novation, unconscionability, consent, ratification, and/or release.

41. The Debtors committed the material breach(es) of contract.

42. The Debtors indemnified the Defendants from any losses or damages.

43. The Defendants were not the proximate cause of the damages allegedly suffered by the Plaintiff.

44. Any breach or action by the Defendants was justified due to the actions or defaults on the part of the Debtors.

45.     As a matter of law, any and all allegations of breach of express or implied contracts are barred or prohibited due to the lack of or failure of consideration, lack of mutual assent, lack of mutuality of obligation and/or lack of privity.

46.     The Defendants are entitled to a rescission of any contract or agreement that may be determined to have existed, due to mutual mistake.

47.     The Debtors made the transfers without actual intent to hinder, delay, or defraud creditors.

48.     The Defendants did not possess a duty to the Debtors.

49.     The breaches alleged by the Plaintiff were outside of the scope of the relationship between the Defendants and the Debtors.

50.     The Defendants did not breach any fiduciary duty owed to the Debtors.

51.     The actions of the Defendants were justified pursuant to the business-judgment rule.

52.     The Defendants were not the proximate cause of any damages suffered by the Debtors and/or the Plaintiff.

53.     All or some of Plaintiffs' claims are barred based on his own actions, or those of his agents, employees, attorneys, or those in privity, including the Debtors.

54. Plaintiff and his agents, employees, attorneys, or those in privity, including the Debtors, consented to, participated in, approved of, acquiesced in, and/or ratified the acts and/or events which allegedly have resulted in any damages Plaintiff alleges.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Defendants
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: June 6, 2017

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| LIFESTYLE LIFT HOLDING, INC., et. al.[1] | Bankruptcy Case No. 15-44839<br>Hon. Maria L. Oxholm<br>Chapter 7 |
| Debtors. | |
| | Adversary Proceeding No. 17-04254<br>Hon. Maria L. Oxholm |
| BASIL T. SIMON, Trustee | |
| Plaintiff, | |
| v. | |
| LUCAS GROUP, INC., JAY LUCAS, and XL7 GROUP, LLC | |
| Defendants. | |

## CERTIFICATE OF SERVICE

Charles D. Bullock certifies that on June 6, 2017, copies of the **Answer to Complaint, Affirmative Defenses,** and this **Certificate of Service** were served upon the following was served upon all parties listed below, electronically via the court's electronic system (CM/ECF PACER) and/or by depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

| Office of the United States Trustee | Lawrence J. Acker<br>L.Acker@AckerPC.com |
|---|---|

---

[1] The Debtors in these jointly administered cases include Lifestyle Lift Holding, Inc., Scientific Image Center Management, Inc., Scientific Image Center Properties, Inc., Pacific Seaboard Management, Inc., and Scientific Image Center Staffing, Inc.

| Andrew L. Finn<br>alf@hclawyers.com<br>knm@hclawyers.com<br>smh@hclawyers.com | |

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Charles D. Bullock
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Defendants
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: June 6, 2017